*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOSSAM ALAQUIE, also known as HOSSAM ALAOUIE,

      Plaintiff-Appellant,

and

PRAETORIAN INSURANCE COMPANY,

      Intervening Plaintiff,

v

EES COKE BATTERY, LLC,

      Defendant-Third Party Plaintiff-Appellee,

AUTO-OWNERS INSURANCE COMPANY,

      Defendant-Appellee,

and

OLD WORLD INDUSTRIES, LLC and OLD WORLD SPECIALTY CHEMICALS, LLC,

      Third-Party Defendants.

UNPUBLISHED
August 10, 2026
10:30 AM

No. 372067
Wayne Circuit Court
LC No. 22-011545-NO

Before: LETICA, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

      In this premises liability action, plaintiff, Hossam Alaquie, also known as Hossam Alaouie, appeals as of right the trial court's order granting the motion for summary disposition filed by

defendant-third party plaintiff, EES Coke Battery, LLC, under MCR 2.116(C)(10).[1] The trial court concluded that ESS was entitled to summary disposition because EES owed no duty to plaintiff. This was error. Plaintiff was an invitee on EES's land, so EES owed plaintiff the common-law duty to exercise reasonable care to protect plaintiff from an unreasonable risk of harm caused by a dangerous condition on EES's land. This duty arose by nature of the parties' relationship, and it existed regardless of whether there was, in fact, a defective or dangerous condition on EES's land. We reverse and remand for further proceedings.

## I. BACKGROUND

EES contracted to have caustic soda—a highly corrosive liquid—delivered to its facility, and plaintiff worked for the company responsible for carrying out this task. To deliver the caustic soda to EES's facility, plaintiff drove a tanker carrying the caustic soda to the facility and was directed to the storage tank into which the caustic soda was to be offloaded. EES's storage tank had an internal valve that had to be open for caustic soda to enter the tank, and only an EES employee could open the internal valve. Plaintiff hooked up a hose connecting his tanker to EES's storage tank and pressurized his tanker and the hose, but the pressure did not force the caustic soda out of plaintiff's tanker and into EES's storage facility. Plaintiff then waited for an EES employee to come out so that he could ask whether the internal valve was open. According to plaintiff, when an EES employee did come out, the employee told plaintiff that the valve was open,[2] so plaintiff continued trying to offload the caustic soda. When the caustic soda was still not offloading, plaintiff asked the EES employee again whether the internal valve was open, and the employee assured plaintiff that it was.[3] Unfortunately, this was inaccurate—the internal valve was never opened. But believing that the reason he could not offload the caustic soda was a problem with his equipment, plaintiff set about unhooking the hose connecting his tanker to EES's storage facility so that he could take his equipment offsite to have it inspected. Unfortunately, the hose was still under pressure when plaintiff detached it, and plaintiff was not wearing proper personal protection equipment, so when plaintiff detached the hose, caustic soda sprayed onto plaintiff's face and into his eyes, causing injury.

Plaintiff thereafter brought this suit against EES. Plaintiff's complaint alleged in relevant part that EES "was under a duty to maintain the valves at its caustic storage facility in proper working order," that EES breached this duty because one of its valves was "defective," and that this breach proximately caused plaintiff's injuries.

Following discovery, EES moved for summary disposition under MCR 2.116(C)(10). EES argued that plaintiff's claim against EES must fail as a matter of law because the closed valve on EES's property was not a "defective" or "dangerous condition on the land." EES further argued that any amendment to plaintiff's complaint would be futile because plaintiff could not establish that EES owed plaintiff a duty to supervise him during the course of his job responsibilities. Lastly,

---

[1] None of the remaining parties listed in the caption are parties to this appeal.

[2] The only EES employee who had contact with plaintiff on the day he was injured disputes this.

[3] Again, EES's employee disputes this.

EES argued that any negligence-based claim brought by plaintiff against EES must fail "for lack of causation."

Plaintiff responded that EES owed plaintiff a duty to "advise, attend, and warn Plaintiff" of the closed valve—a condition that EES "created and maintained"—because defendant had "knowledge of Plaintiff's delivery/unloading intentions." The valve being closed was, according to plaintiff, a breach of EES's duty to plaintiff, and plaintiff argued that this breach proximately caused his injuries because it was "clearly foreseeable" that not opening the valve after telling plaintiff that it was open would cause plaintiff to do the things he did that led to his injuries.

The court held a hearing on EES's motion, and, after listening to the parties' arguments, it delivered its ruling from the bench. The court granted EES's motion for summary disposition "on duty only" because it believed that "on proximate cause . . . there are some questions of fact that perhaps need further airing out, if you will." In short, the court ruled that EES was correct that it owed no duty to plaintiff to prevent him from injuring himself. While the court was wrapping up, plaintiff's counsel interjected and asked the court if it was rejecting plaintiff's argument that EES owed plaintiff a "common law duty" given plaintiff's status on EES's land as "an invitee." The court responded that it was. Thereafter, the court entered an order granting EES's motion for summary disposition "for the reasons stated on the record."

This appeal followed.

## II. PRESERVATION

An issue is preserved if it is raised in or decided by the trial court. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020). EES contends that plaintiff did not assert a claim for premises liability below, so any argument based on such a claim is waived. It is true that none of the claims in plaintiff's complaint are titled "premises liability," but plaintiff's complaint does allege that plaintiff was injured by a condition on EES's land. So, labels aside, the gravamen of plaintiff's claim sounds in premises liability, meaning that plaintiff's complaint does indeed allege a claim for premises liability. See *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 519; 918 NW2d 645 (2018) (explaining that, to determine what claims a complaint pleads, courts are to "disregard the labels given to the claims and instead read the complaint as a whole, seeking the gravamen of the claims").

And even if plaintiff's complaint did not sufficiently allege a claim for premises liability, plaintiff still raised the claim below.[4] When EES moved for summary disposition, it apparently

---

[4] To the extent that EES seemingly contends that plaintiff's failure to plead a premises liability claim in his complaint precludes him from raising the issue now, that argument is without merit. EES moved for summary disposition under MCR 2.116(C)(10). MCR 2.116(I)(5) states, "If the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Adhering to this rule, plaintiff would have been permitted to amend his complaint to plead a premises liability complaint if such an amendment would have been justified.

-3-

understood plaintiff to be raising a claim for premises liability because EES's motion for summary disposition recited caselaw concerning premises liability and argued that EES did not owe plaintiff a duty sounding in premises liability. More importantly, in response to EES's motion for summary disposition, plaintiff explicitly stated that he was raising a claim sounding in premises liability and argued that this claim should survive EES's motion for summary disposition. Then, at the hearing on EES's motion, plaintiff's counsel interjected to ask the trial court to clarify whether it was rejecting plaintiff's claim sounding in premises liability, and the court said that it was.

The foregoing thoroughly rebuts EES's contention that plaintiff failed to raise its premises-liability argument below. The issue is therefore preserved. See *Glasker-Davis*, 333 Mich App at 227-228.

## III. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Defendant moved for summary disposition in relevant part under MCR 2.116(C)(10). A (C)(10) motion tests the factual sufficiency of a claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In reviewing a motion brought under MCR 2.116(C)(10), all the facts are viewed in the light most favorable to the nonmoving party. *Maiden*, 461 Mich at 120. A (C)(10) motion is properly granted if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

Whether a duty exists is a question of law, reviewed de novo. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013).

## IV. ANALYSIS

Plaintiff contends that the trial court erred by concluding that EES did not owe plaintiff a duty insofar as plaintiff's claim sounded in premises liability. We agree.

A suit alleging premises liability is a negligence claim. The elements for a premises liability claim are therefore the same as the elements of an ordinary negligence claim: the plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the defendant's breach of its duty caused injury to the plaintiff. See *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019). The duty owed in a premises liability action arises from the "special relationship" that exists between owners and occupiers of land and visitors on that land. *Bailey*, 494 Mich at 604. The contours of this duty depend on the visitor's status on the land. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). An individual invited onto the land for business purposes is considered an invitee. See *Hoffner v Lanctoe*, 492 Mich 450, 460 n 8; 821 NW2d 88 (2012). A premises possessor owes an invitee a duty to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 148; 1 NW3d 44 (2023).

-4-

Plaintiff was on EES's land with EES's permission for business purposes, so he was an invitee. See *Hoffner*, 492 Mich at 460 n 8. As an invitee on EES's land, EES owed plaintiff a duty to exercise reasonable care to protect plaintiff from an unreasonable risk of harm caused by a dangerous or defective condition on EES's land. *Kandil-Elsayed*, 512 Mich at 148. The trial court thus erred by concluding that EES owed plaintiff no duty.

EES's arguments on appeal attempt to obscure the duty it owed plaintiff, but none of the arguments successfully explain why EES did not owe plaintiff the common-law duty EES owed to all invitees on its land. EES contends that it "did not owe a duty to Plaintiff to prevent him from his own reckless discharge of caustic soda," which may be true, but it does not somehow eliminate the duty that EES owed plaintiff by virtue of being in control of the premises that plaintiff was visiting. EES alternatively contends that it actually "lack[ed] control over the premises" where plaintiff was offloading the caustic soda because "every element which ultimately led to the release of caustic soda were caused entirely by acts and omission of Plaintiff." The former does not follow the latter, however. That plaintiff had control over the things he was doing on EES's land did not deprive EES of control over its premises, which is what gave rise to the duty that EES owed plaintiff. EES lastly contends that it did not owe plaintiff a duty because there was no dangerous condition on EES's land. But the duty that EES owed plaintiff arose from the special relationship that existed between EES, as the owner and occupier of the land, and plaintiff, as an invitee on EES's land. See *Bailey*, 494 Mich at 604. EES's duty to plaintiff was not triggered by a *condition* on EES's land, dangerous or not.[5]

Briefly, plaintiff claims that EES owed him a couple of other duties, but EES did not owe plaintiff any of the alternative duties that plaintiff identifies. First, plaintiff argues that because "EES contracted with other companies by purchasing caustic soda and having that product delivered to its facility," "EES had a duty to use reasonable care to see that the product was unloaded safely into its storage tank." This argument fails because the "general rule" is that "an owner of property is not liable" for negligence if a contractor's employee is injured while doing a job on the property owner's land because "the actual employer of a worker is immediately responsible for job safety and for maintaining a safe work place." *Portelli v IR Const Prod Co, Inc*, 218 Mich App 591, 596; 554 NW2d 591 (1996). See also *Samodai v Chrysler Corp*, 178 Mich App 252, 255; 443 NW2d 391 (1989). It follows that EES did not have a freestanding duty to use reasonable care to ensure that plaintiff safely unloaded the caustic soda merely because EES contracted to have the caustic soda delivered to its storage tank. Plaintiff's actual employer was responsible for his safety and working conditions. See *id*.[6]

---

[5] The same holds true to the extent that plaintiff argues that EES owed plaintiff a duty because EES stored hazardous materials on its land. The condition of EES's land did not create the duty that EES owed plaintiff. That duty arose from plaintiff's status as an invitee on EES's land.

[6] Plaintiff couches this argument in terms of the common-law duty that "imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonable endanger the person or property or others." *Clark v Dalman*, 379 Mich 251, 261; 150 NW2d 755 (1967). Plaintiff argues that the "undertaking" in which EES was

Second, plaintiff contends that EES's "employees had an obligation" to follow EES's standard operating procedures. This is incorrect insofar as EES's standard operating procedures did not give rise to a duty that EES owed plaintiff. As EES notes on appeal, it is well established that "a private entity's internal rules do not 'fix the standard of [its] duty to others.' " *Meyers v Rieck*, 509 Mich 460, 473; 983 NW2d 747 (2022), quoting *McKerman v Detroit Citizens' Street-R Co*, 138 Mich 519, 530; 101 NW 812 (1904). "[T]he mere allegation that a defendant breached its own internal rule or regulation does not, without more, make out a claim for negligence." *Meyers*, 509 Mich at 473.

For the reasons explained, however, EES did owe plaintiff a common-law duty by virtue of the fact that plaintiff was an invitee on EES's land. The trial court stated that it was granting EES's motion for summary disposition "on duty only," concluding that EES owed no duty to plaintiff. This was error, so we reverse that ruling and remand for further proceedings. Whether EES breached the duty that it owed plaintiff and whether that breach was a proximate cause of plaintiff's injuries are different questions, and we decline to reach those issues in this appeal.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

engaged was contracting to have caustic soda delivered to its premises, but plaintiff was clearly not injured while EES was contracting to have materials delivered. Plaintiff was injured while performing the contracted-for work, and any argument that EES had a duty to ensure plaintiff's safety during that work fails for the reasons explained above. Plaintiff does *not* argue that, standing alone, the EES's employee's action of representing that the internal valve was open gave rise to a duty, so we consider any such argument abandoned on appeal. See *Lashbrook v Grasak*, ___ Mich App ___, ___ n 4; ___ NW3d ___ (2025) (Docket No. 369669); slip op at 5 n 4.